Dear Mayor Robertson:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion on matters related to Louisiana's Public Bid Law, La.Rev.Stat. 38:2212 et seq. According to your request, the City of Minden requested bids for its Minden City Hall Additions and Renovations Project ("Project"). The Instruction to Bidders provided, in pertinent part, the following:
 "Bids shall be submitted on the forms provided by the Architect in the Project Manual. Forms to be completed and submitted for bid phase are:
 1. Bid Form
 2. Bid Bond
 3. Resolution of Board of Directors"
According to your request, the Table of Contents of the Project Manual listed forms for the bid form, the bid bond, the non-collusion affidavit, the owner-contract agreement, and the performance bond. However, no form was listed for any type of corporate resolution. Your request goes on to indicate that the presumptive low bidder for the Project did not submit a corporate resolution with its bid. You ask for our opinion as to whether the City of Minden may rely on the provisions of La.Rev.Stat. 38:2212 (O) in determining the responsiveness of the presumptive low bidder's bid.
La.Rev.Stat. 38:2212 (O) provides the following:
 "Whenever evidence of agency, corporate, or partnership authority is required for submission of a bid to a public entity, such fact shall be contained in the bid documents and such proof shall be provided *Page 2 
in accordance with the provisions of this Section. The authority of the signature of the person submitting the bid shall be deemed sufficient and acceptable if any of the following conditions are met:
 (1) The signature on the bid is that of any corporate officer listed on the most current annual report on file with the secretary of state, or the signature on the bid is that of any member of a partnership or partnership in commendam listed in the most current partnership records on file with the secretary of state.
 (2) The signature on the bid is that of an authorized representative of the corporation, partnership, or other legal entity and the bid is accompanied by a corporate resolution, certification as to the corporate principal, or other documents indicating authority which are acceptable to the public entity.
 (3) The corporation, partnership, or other legal entity has filed in the appropriate records of the secretary of state or the clerk of court of the parish in which the public entity is located, an affidavit, resolution, or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts. Such document on file with the secretary of state or the clerk of court shall remain in effect and shall be binding upon the principal until specifically rescinded and canceled from the records of the respective offices."
Our review of the bid documents reveals that evidence of corporate authority was required by the bid documents. Accordingly, pursuant to the specific language of La.Rev.Stat. 38:2212 (O), the authority of the signature of the person submitting the bid on behalf of the presumptive low bidder would be deemed sufficient and acceptable if any of the three (3) conditions of Section (O) are met.
You have indicated that the signature on the bid in question is that of a corporate officer who is listed on the most current annual report on file with the secretary of state. As such, it appears that the presumptive low bidder has satisfied the first condition of Section (O). Accordingly, with respect to evidence of corporate authority, we are of the opinion that the City of Minden may rely on the provisions of La.Rev.Stat. 38:2212 (O) and deem the signature of the person submitting the bid on behalf of the presumptive low bidder sufficient, acceptable, and responsive.[1] *Page 3 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt
[1] We note that if the bid documents provided prospective bidders with a corporate resolution form and required the return of that form, our conclusion would be different. In our view, the bid documents only required evidence of corporate authority.